## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

TAMEER PEAK,

        Plaintiff,

   v.

ONIKA TANYA MARAJ-PETTY p/k/aNICKI MINAJ, PINK PERSONALITY INC., PEDRO VELAZQUEZ

        Defendants.

Case No.

### COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, Tameer Peak ("Plaintiff") and files this Complaint against Defendants Onika Tanya Maraj-Petty p/k/a NICKI MINAJ, Pedro Velazquez and Pink Personality, Inc. ("Defendants") alleges as follows:

## INTRODUCTION

1. This is an action for defamation, defamation per se, false light and vicarious liability arising from a campaign of malicious false statements and harassment directed at Plaintiff by Defendant Onika Tanya Maraj-Petty ("Maraj-Petty"), a globally known recording artist, and her associates.
2. Defendants falsely accused Plaintiff of criminal conduct, stalking and mental disability, thereby destroying Plaintiff's reputation and subjecting him to harassment, humiliation, emotional distress and economic harm.
3. A prior action was filed in the District of New Jersey in 2024 and dismissed on August 25, 2025, without prejudice for lack of personal jurisdiction. The court never reached the merits. Plaintiff now refiles in this Court, where jurisdiction is proper.

## PARTIES

4. Plaintiff Tameer Peak is an individual domiciled in Newark, New Jersey (Essex County).

5. Defendant Onika Tanya Maraj-Petty is domiciled in California but owns residential property in New York and regularly conducts business within this District.
6. Defendant Pink Personality, Inc. is a California corporation controlled by Maraj-Petty. It conducts substantial business in New York and maintains a business address at 209 East 31st Street, New York, NY 10016, c/o MAI Capital Management LLC.
7. Defendant Pedro Velazquez is domiciled in Illinois. Upon information and belief, Velazquez acted as an employee and/or agent of Maraj-Petty and Pink Personality, Inc., compensated to manage fan engagement and online communications.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.
9. This Court has personal jurisdiction over Maraj-Petty because she owns property in New York, conducts regular business here, and intentionally directed defamatory statements into this forum.
10. Defendant Maraj-Petty is signed to Republic Records, a major music label headquartered in New York City. Through this contractual relationship, Maraj-Petty conducts substantial and continuous business in New York, including the production, promotion, and distribution of her music. Republic Records' New York offices serve as a hub for Maraj-Petty's commercial activity, further demonstrating her purposeful availment of this forum.
11. The defamatory statements at issue were disseminated through Stationhead, Inc., a broadcasting and social media platform headquartered in New York. By selecting a New York-based platform to publish and amplify her statements, Maraj-Petty and her agents expressly aimed their conduct toward New York.
12. This Court has personal jurisdiction over Pink Personality, Inc. because it conducts business in New York, maintains a New York business address, and engaged New York-based platforms to publish defamatory statements.
13. This Court has personal jurisdiction over Velazquez because, acting as an agent of the other Defendants, he participated in the defamatory publication directed into New York.
14. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred here, including publication on Stationhead, Inc., a social media company headquartered in New York.

## TIMELINESS

15. Plaintiff filed his initial complaint in the District of New Jersey within one year of the defamatory statements. That case was dismissed without prejudice on jurisdictional grounds only.

16. Pursuant to CPLR § 205(a), Plaintiff is entitled to recommence this action within six months of the dismissal. This filing is therefore timely.

## FACTUAL ALLEGATIONS

17. On or about April 22, 2024, Maraj-Petty disparaged Plaintiff and promoted a Stationhead broadcast implying Plaintiff was mentally unstable.
18. On or about May 21, 2024, Maraj-Petty publicly stated that Plaintiff was "one sandwich short of a picnic" and "clearly gets a check from the government," falsely implying mental disability and government dependence.
19. On or about July 20, 2024, Maraj-Petty broadcasted via Stationhead that Plaintiff was a "stalker" and accused him of impersonating members of her team, despite no factual basis.
20. During the same broadcast on or about July 20, 2024, Maraj-Petty falsely diagnose Plaintiff with a mental disability and encouraged her fans to harass Plaintiff.
21. On or about September 9, 2024 at Maraj-Petty's "Gag City" concert Plaintiff's image was displayed in a derogatory context, further compounding the defamatory campaign.
22. Velazquez amplified these statements on social media as part of a coordinated campaign of harassment.
23. These statements were false, malicious, and made with reckless disregard for their truth.
24. The statements were disseminated via Stationhead, headquartered in New York, and thereby intentionally directed into this forum.
25. The statements accuse Plaintiff of crimes and moral corruption, constituting defamation per se.

## COUNT I– DEFAMATION / DEFAMATION PER SE

26. Plaintiff repeats and realleges the foregoing paragraphs.
27. Defendants published false statements of fact concerning Plaintiff.
28. The statements were unprivileged and made with actual malice or reckless disregard for their falsity.
29. The statements constitute defamation per se because they impute serious criminal activity stalking.
30. As a direct and proximate result, Plaintiff has suffered reputational damage, emotional distress, harassment, and financial losses.

## COUNT II – FALSE LIGHT

31. Plaintiff realleges the foregoing paragraphs.

32. Defendants placed Plaintiff before the public in a false light by portraying him as mentally ill, criminal, and dangerous.
33. This portrayal would be highly offensive to a reasonable person and was made with actual malice.
34. Plaintiff suffered humiliation, reputational harm, and emotional distress as a result.

## COUNT III – VICARIOUS LIABILITY

35. Plaintiff realleges the foregoing paragraphs.
36. Defendant Pedro Velazquez acted as an agent of Maraj-Petty and Pink Personality, Inc. in connection with the defamatory broadcasts and related online activity.
37. Maraj-Petty and Pink Personality, Inc. are vicariously liable for Velazquez's conduct because it was undertaken within the scope of his agency.
38. In addition, Maraj-Petty and Pink Personality, Inc. encouraged and incited fans to harass Plaintiff, making them responsible for the foreseeable harms caused by that conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants, including:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages;

c. Costs and disbursements of this action;

d. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

650 Hunterdon St
Newark, NJ, 07108
Phone: 862-763-8696
Email:tameerpeak@gmail.