UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2025 NOV -3 PM 4: 01

TAMEER PEAK,

    Plaintiff,

v.

ONIKA TANYA MARAJ-PETTY p/k/a NICKI MINAJ, PINK PERSONALITY INC., PEDRO VELAZQUEZ

    Defendants.

Case No. 25-cv-07552

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

### I. INTRODUCTION

Defendants were properly served, have failed to appear, and the Clerk has entered default. Accordingly, Plaintiff seeks entry of Default Judgment on liability for defamation, false light, and vicarious liability, with damages and equitable relief to be determined by the Court.

### II. LEGAL STANDARD

Under **Fed. R. Civ. P. 55(b)(2)**, after default is entered, the Court may enter judgment against a defendant who fails to plead or otherwise defend. The well-pleaded allegations of the Complaint, except those relating to damages, are accepted as true. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

### III. FACTS ESTABLISHED BY DEFAULT

1. Plaintiff filed this action on **September 10, 2025**, alleging that Defendants published and amplified false statements portraying him as mentally ill and "receiving checks from the government," implying disability and fraud.
2. Defendants were duly served on **September 29, 2025**, as evidenced by the filed Proofs of Service (ECF Nos. **[9], [10]**).
3. On **October 20, 2025** Counsel purporting to represent the Defendants communicated directly with Plaintiff by email, urging Plaintiff to withdraw this action and implying adverse consequences should he refuse. This communication was unsolicited and occurred despite counsel not having entered a formal appearance at that time.
4. Defendants failed to appear or respond within the 21-day deadline.
5. On **October 24, 2025**, the Clerk entered default (ECF No. **[15]**).

Because of that default, the Complaint's factual allegations are deemed admitted, establishing liability for defamation and false light.

## IV. ENTITLEMENT TO DAMAGES

Under New York law, statements imputing mental instability or government dependency constitute **defamation per se**, for which damages are presumed. *Liberman v. Gelstein*, 80 N.Y.2d 429 (1992). Plaintiff is nonetheless prepared to substantiate emotional and reputational harm through declaration and documentary evidence submitted at inquest.

Plaintiff seeks:
- **Compensatory damages** for reputational and emotional harm;
- **Punitive damages** based on Defendants' willful and malicious conduct; and
- **Equitable relief** requiring removal and retraction of defamatory content.

## V. REQUEST FOR INJUNCTIVE RELIEF

Plaintiff requests an order requiring Defendants to publish a **public retraction** stating that the prior statements about Plaintiff were false and lacked factual basis, and to post such retraction on all platforms under their control where the defamatory statements appeared or were amplified, including but not limited to **Instagram, X (formerly Twitter), Tiktok and Station Head.**
The retraction shall clearly identify **Plaintiff, Tameer Peak,** and shall state, in substance, that:

1. Prior statements or implications that *Tameer Peak was mentally ill, received checks from the government, or was a "paid mole"* were **false and made without factual basis;**
2. That **Tameer Peak has never impersonated any member of Nicki Minaj's team**, and there is **no evidence or factual basis** supporting that claim; and
3. That **Tameer Peak is not, and has never been, a stalker**, and any prior statements to that effect were **false and made without factual basis.**

The retraction shall remain publicly visible and accessible on those platforms for not less than thirty (30) consecutive days and shall not be deleted, hidden, or restricted during that period.

## VI. CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court:
1. Enter default judgment as to liability;
2. Conduct an inquest on papers regarding damages;
3. Award compensatory and punitive damages; and
4. Grant the requested injunctive relief.

Dated:
Respectfully submitted,

Tameer Peak Plaintiff Pro Se
650 Hunterdon St
Newark, NJ, 07108
Phone: 862-763-8696
Email:tameerpeak@gmail.com