```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TAMEER PEAK,                                                :
                                                            :
                              Plaintiff,                    :
                                                            :         25-CV-7552 (VSB)
                -against-                                   :
                                                            :         **OPINION & ORDER**
ONIKA TANYA MARAJ-PETTY, et al.,                            :
                                                            :
                              Defendants.                   :
------------------------------------------------------------ X
```

VERNON S. BRODERICK, United States District Judge:

Before me is a letter motion filed by Defendants Onika Tanya Maraj-Petty ("Maraj-Petty") and Pink Personality, Inc. ("Pink Personality") seeking an order to stay proceedings for 45 days to permit Defendants time to find and retain new litigation counsel after "the recent and sudden withdrawal of their current litigation counsel." (Doc. 17.) As the Clerk of Court has already entered a certificate of default as to these Defendants, (Doc. 15), I will treat this letter motion and Defendants' subsequent letter in further support of their stay request, (Doc. 26), as one also seeking to vacate the certificate of default. Because I find that Defendants have demonstrated "good cause" for the relief requested, Fed. R. Civ. P. 55(c), Defendants' motion to vacate the certificate of default and stay proceedings for 45 days is GRANTED and Plaintiff's motion for a default judgment, (Docs. 21, 22, 23), is DENIED as moot.

### I.   Factual and Procedural Background

On September 10, 2025, Plaintiff filed the instant Complaint against Maraj-Petty, Pink Personality, and Pedro Velazquez ("Velazquez"), alleging defamation claims arising from "a campaign of malicious false statements and harassment directed at Plaintiff." (Doc. 1 at 1.)

1

Defendants Maraj-Petty and Pink Personality were served on September 30, 2025 and were required to submit an answer or otherwise respond to the Complaint by October 21, 2025. (Docs. 9, 10.) However, Defendants failed to timely respond. On October 24, 2025, Plaintiff petitioned the Clerk of Court for a certificate of default. (Docs. 13, 14.) That same day, the Clerk of Court entered a certificate of default against Defendants Maraj-Petty and Pink Personality. (Doc. 15.)

On November 3, 2025, in-house counsel for Maraj-Petty and Pink Personality filed a notice of appearance, (Doc. 16), and a letter motion to stay proceedings, arguing that they have "good cause" because they need time to find and retain new litigation counsel after the abrupt withdrawal of prior counsel, (Doc. 17). On November 3, 2025, Plaintiff immediately filed his opposition letter to Maraj-Petty and Pink Personality's letter motion. (Doc. 20.) On November 11, 2025, Maraj-Petty and Pink Personality filed a letter in further support of their initial November 3 letter motion. (Doc. 26.) I am also in receipt of Plaintiff's motion for default judgement, (Docs. 21, 22, 23), his declaration in support of his motion for default judgement, (Doc. 18), and his statement of damages, (Doc. 24).

## II. Legal Standard

"Where, as here, the Clerk of Court has entered a Certificate of Default, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to the 'good cause' standard under Fed. R. Civ. P. 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b)." *Bizelia v. Clinton Towers Mgmt.*, No. 20-CV-8065, 2023 WL 8258884, at *1 (S.D.N.Y. Nov. 29, 2023); *see also Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (summary order) ("Rule 55(c) permits a party to be relieved of default 'for good cause,' whereas a default judgment may only be set aside in

2

accordance with Rule 60(b)."). Although Rule 55(c) does not define "good cause," the Second Circuit has advised district courts to consider three criteria in deciding a motion to vacate a default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *accord Peterson*, 467 F. App'x at 33. Courts may also consider "whether the entry of default would bring about a harsh or unfair result." *Enron*, 10 F.3d at 96. The Second Circuit generally disfavors defaults and "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995); *Enron*, 10 F.3d at 95 (noting the Court's "oft-stated preference for resolving disputes on the merits"); *see also Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995) (noting that there is a "limitation on the scope of the district court's discretion" because of the Second Circuit's "preference for resolving disputes on the merits"). Accordingly, in ruling on a motion to vacate a default judgment, "doubt should be resolved in favor of the defaulting party." *Enron*, 10 F.3d at 96.

### III. Discussion

#### A. Willfulness

First, I evaluate whether Defendants Maraj-Petty and Pink Personality's default was willful. *See Enron*, 10 F.3d at 96. In the context of default judgment, willfulness refers to conduct that is "more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (affirming the district court's finding of willfulness where defendant failed to answer despite repeated warnings that plaintiff would move for a default judgment). In other words, willfulness is "egregious or deliberate conduct," such as where a defaulting defendant makes "a 'strategic decision to default.'" *OEC Freight (NY) Inc. v. Stanley Furniture Co.*, No.

20-CV-9556, 2023 WL 3080775, at *3 (S.D.N.Y. Apr. 25, 2023) (quoting *Am. All. Ins., v. Eagle Ins.*, 92 F.3d 57, 60–61 (2d Cir. 1996)).  The inquiry for determining whether a defendant acted willfully focuses on what actions, if any, the defaulting party took "after it became aware of the existence of the litigation or entry of default." *Haran v. Orange Bus. Servs. Inc.*, No. 21-CV-10585, 2022 WL 2306945, at *2 (S.D.N.Y. June 27, 2022) (quoting *In re FKF 3, LLC*, 501 B.R. 491, 502 (S.D.N.Y. 2013)).  "Thus, even where notice was adequate and the defaulting party failed to rebut the presumption of receipt, if the party responded promptly after learning of the action, courts have found that the party's default was not willful." *Id.*  (quoting *In re FKF 3*, 501 B.R. at 502).

Here, I find that Defendants Maraj-Petty and Pink Personality did not act willfully, and that their "quick actions upon [their] receipt of the notice of default judgment is a key indicator that [their] default was not willful." *OEC Freight (NY) Inc.*, 2023 WL 3080775, at *3.  The Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful. *See Enron*, 10 F.3d at 98.  Only nine days after the certificate of default was issued, counsel for Maraj-Petty and Pink Personality filed a notice of appearance, (Doc. 16), and a letter motion requesting a stay of proceedings, (Doc. 17).  Maraj-Petty and Pink Personality's prompt response suggests that they did not act willfully in defaulting, but rather fully intended on defending themselves in this suit.  *See Johnson v. New York Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020) ("Here, a mere two business days after the Clerk entered the defaults, the Moving Defendants sought to vacate them. . . . This prompt response and attempt to remedy the defaults reflects that had the Moving Defendants been aware of their obligation . . . then they would have filed timely answers, and thus did not act willfully in failing to do so.")

4

Plaintiff argues in his opposition letter that on October 20, 2025, Defendants Maraj-Petty and Pink Personality's counsel Judd Burstein ("Burstein") "personally emailed Plaintiff urging Plaintiff to withdraw the complaint and made threats in connection with the litigation," demonstrating that Defendants' inaction was willful because they had "ample notice and opportunity to respond."[1]  (Doc. 20 at 1–2).  However, Plaintiff does not explain what threats Burstein made, simply stating in his motion for default judgement that counsel implied "adverse consequences should he refuse [to withdraw his lawsuit]."  (Doc. 23 at 1.)  Furthermore, as Defendants Maraj-Petty and Pink Personality contend in their letter motion, Burstein "abruptly withdrew entirely from his representation of Defendants, without giving any prior notice" only a few days after his alleged communications with Plaintiff.  (Doc. 17).  In-house counsel of Defendants Maraj-Petty and Pink Personality states that he only learned about the lawsuit on October 30, 2025—the same day that Burstein withdrew from his representation of Maraj-Petty and Pink Personality, *see* Doc. 17.  *See Goo v. Hand Hosp. LLC*, No. 23-CV-8235, 2025 WL 357745, at *2 (S.D.N.Y. Jan. 31, 2025) ("While a little under two months elapsed between the certificates of default issuing and Defendants filing the instant motion, Defendants explain that the attorney handling this case had left the firm and due to an administrative error, the case was unassigned for a period of time. . . . Counsel for Defendants state that '[a]s soon as [they]

---

[1] In his opposition letter, Plaintiff also argues that in-house counsel for Defendants Maraj-Petty and Pink Personality filed a procedurally defective notice of appearance. (*See* Doc. 20 at 1; Doc. 16.)  Plaintiff argues that because the filing identifies him as "in-house counsel" for a management company, "not as an attorney admitted to practice before this Court" with a "bar admission number, firm affiliation, or indication that he is licensed to appear in this matter," in-house counsel's notice of appearance is not valid. *Id.*  Plaintiff cites this Court's Local Civil Rule 1.3(c) for these requirements but fails to note that these rules highlight admission to practice in front of this court, not the requirements to file a notice of appearance. *See* Local Civ. R. 1.3(c).  Defendants' counsel properly includes his "name, any firm or organizational affiliation, business address, telephone number, email address, and the name of the party or parties represented," as required for his notice of appearance. Local Civ. R. 1.4(a).  Moreover, counsel for Maraj-Petty and Pink Personality explicitly states in his notice of appearance that he is "admitted or otherwise authorized to practice in this court," (Doc. 16), and again reiterates in his November 11 letter that he has been "admitted to practice before the U.S. District Court for the Southern District of New York for the past eighteen years" and has "been authorized by Defendants to appear on their behalf," (Doc. 26).  Plaintiff's argument regarding in-house counsel's notice of appearance is without merit.

became aware of the situation, [they] took immediate steps to address it.' . . . Defendants taking action as soon as they became aware of the entry of default does not meet the willfulness standard." (brackets in original)).

Even if, as Plaintiff alleges, Defendants Maraj-Petty and Pink Personality had ample notice of this lawsuit and the response deadline, Plaintiff moved for default judgement only 3 days after the October 21, 2025 answer deadline had passed, and Defendants Maraj-Petty and Pink Personality filed their letter motion only two weeks after the answer deadline— approximately 30 days after they were initially served with process—contradicting Plaintiff's assertion that their untimely response was willful. *See Hubbuch v. Mullooly, Jeffrey, Rooney & Flynn LLP*, No. 25-CV-5547, 2025 WL 2592155, at *4 (S.D.N.Y. Sept. 8, 2025) ("Plaintiff's claim that [Defendant] was engaged in 'a calculated effort to default strategically and prevent Plaintiff from uncovering the full scope of its abusive operations,' . . . is soundly contradicted by the vigorous efforts that [Defendant] made, beginning on August 8, 2025 (a mere 24 days after it was served with process) to shoulder its litigation responsibilities by filing a motion to dismiss and a motion to vacate the default."). Thus, I do not find that Defendants Maraj-Petty and Pink Personality acted willfully.

### B. Prejudice

Next, I consider the level of prejudice that Plaintiff may suffer if I were to grant the motion to vacate. *See Enron*, 10 F.3d at 96. "Because relief from a default entry essentially is a matter of fairness and judicial discretion, the single most persuasive reason for denying a Rule 55(c) motion is prejudice to the non-defaulting party caused by reopening the action." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931, 2023 WL 2664079, at *12 (S.D.N.Y. Mar. 28, 2023) (alterations omitted) (quoting 10A Charles Alan Wright & Arthur R.

Miller, *Federal Practice and Procedure* § 2699 (4th ed. 2023)).  Delay alone does not establish the prejudice required to defeat a motion to vacate a default.  *Johnson*, 324 F.R.D. at 71 (citing *Enron*, 10 F.3d at 98).  "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  *Id*. (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

Vacating the entry of the certificate of default, (Doc. 15), against Defendants Maraj-Petty and Pink Personality would not prejudice Plaintiff.  As Defendants Maraj-Petty and Pink Personality explain in their letter motion, "no party will be prejudiced by a short stay to facilitate this transition at this very early stage of the proceedings."  (Doc. 17.)  Maraj-Petty and Pink Personality's answer or response was due approximately three weeks ago, and Plaintiff simply states in conclusory fashion that a stay would "severely prejudice Plaintiff," with no further explanation, *see* Doc. 20 at 2.  "Vacating the entry of the Certificates of Default in this case would not unduly prejudice Plaintiff[]" because "this case is still in its early stages, and discovery can proceed without any substantial disruption."  *Goo*, 2025 WL 357745, at *2 (citation modified); *see also Kenyatta v. Combs*, No. 24-CV-6923, 2024 WL 4859028, at *2 (S.D.N.Y. Nov. 21, 2024) (finding that plaintiff did not suffer prejudice where the delay was so brief that a certificate of default was issued only "five days after the plaintiff contends a response to the Complaint was due" and defendant moved to vacate the certificate one day after it was issued).  Since there is "no demonstrated risk of making discovery more difficult or laborious, causing duplicate work, or otherwise prejudicing Plaintiff[]," *id.*, I find that this factor weighs in favor of vacating the certificate of default.

7

### C. Meritorious Defense

Finally, I consider whether Defendants Maraj-Petty and Pink Personality have proffered "a meritorious defense." *See Enron*, 10 F.3d at 96. To make a sufficient showing of a meritorious defense, a defendant "need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (quoting *McNulty*, 137 F.3d at 740).

Here, Defendants Maraj-Petty and Pink Personality merely claim that their request is made in "good faith" with no further information about the substance of the litigation. (Docs. 17, 26.) Defendants fail to "present more than conclusory denials when attempting to show the existence of a meritorious defense." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001). I therefore find that Defendants Maraj-Petty and Pink Personality fail to present a meritorious defense.

Despite Defendants Maraj-Petty and Pink Personality's failure to present a meritorious defense, I note the Second Circuit's "preference that litigation disputes be resolved on the merits, not by default." *Cody*, 59 F.3d at 15. Accordingly, after balancing the Rule 55(c) factors, I find that Defendants Maraj-Petty and Pink Personality have established good cause to set aside the certificate of default.

### IV. <u>Conclusion</u>

For these reasons, Defendants Maraj-Petty and Pink Personality's letter motion for a stay of proceedings for 45 days after this order is issued and to vacate the certificate of default is GRANTED. Additionally, Plaintiff's motion for a default judgment is DENIED as moot.

Defendants Maraj-Petty and Pink Personality are ordered to file a status update 30 days after this order is issued regarding their efforts to find and retain new counsel.

The Clerk of Court is respectfully directed to vacate the certificate of default at Doc. 15 and terminate the motion and letter motion pending at Doc. 17, 21, and 22.

SO ORDERED.

Dated:     November 13, 2025
           New York, New York

Vernon S. Broderick
United States District Judge