UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                      :

TAMEER PEAK,                           :

                                    :

                Plaintiff,     :
                                  :         25-CV-7552 (VSB)
           -against-       :
                                  :          **ORDER**

ONIKA TANYA MARAJ-PETTY, *et al.*,   :

                                  :

               Defendants.   :
------------------------------------------------------------ X

VERNON S. BRODERICK, United States District Judge:

      On September 10, 2025, Plaintiff initiated this action against Defendants Onika Tanya Maraj-Petty ("Maraj-Petty"), Pink Personality Inc. ("Pink Personality), and Pedro Velazquez ("Velazquez") (collectively, "Defendants"). (Doc. 1.) To date, Plaintiff has not yet served Velazquez with the summons and Complaint. (*See* Doc. 50.) On June 19, 2026, Maraj-Petty and Pink Personality moved to dismiss Plaintiff's complaint, submitting a memorandum in support of their motion. (Docs., 51, 52.) On June 20, 2026, *pro se* Plaintiff filed a letter response to the motion stating that he "does not intend to oppose the motion," and "does not oppose dismissal of the Complaint," since "further litigation of this matter is unwarranted." (Doc. 54.) On June 22, 2026, Maraj-Petty and Pink Personality requested that I dismiss this action in its entirety with prejudice.

      Under Federal Rule of Civil Procedure 41(a)(1), a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). A dismissal under that subsection is without prejudice unless stated otherwise. *See id.* 41(a)(1)(B). Moreover, "[c]ourts

have consistently held that a motion to dismiss under Rule 12 does not terminate the right of dismissal by notice, and thus a plaintiff may dismiss an action without a court order even if the defendant has already filed a motion to dismiss." *George v. Roberts*, No. 17-CV-3684, 2018 WL 1517203, at *5 (S.D.N.Y. Mar. 26, 2018) (internal quotation marks omitted).

"District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile." *Pagan v. Midhudson Forensic Psychiatric Hosp.*, No. 23-CV-10050, 2024 WL 182763, at *3 (S.D.N.Y. Jan. 16, 2024). This "permissive standard is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (per curiam) (internal quotation marks omitted).

Based on Plaintiff's statement that he does intend to continue litigating this case, Maraj-Petty, Pink Personality, and Plaintiff seem to be in agreement that all claims can be dismissed against these two Defendants. While I would typically dismiss these claims without prejudice, because I should generally "grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects," *Pagan*, 2024 WL 182763, at *3, Plaintiff explicitly states that he "does not wish to seek leave to amend, supplement the pleadings, or otherwise continue litigating those issue." (Doc. 54.)

Thus, unless Plaintiff requests otherwise, I intend to dismiss the claims against Maraj-Petty and Pink Personality with prejudice, and the claims against Velazquez without prejudice since he has not been served nor responded to the complaint. Accordingly, it is hereby ORDERED that Plaintiff file a letter indicating whether or not he agrees to this dismissal by July 7, 2026. If Plaintiff does not agree, he must explain the reasoning underlying his argument and indicate whether he intends to litigate the existing motion to dismiss.

SO ORDERED.

Dated:        June 25, 2026
              New York, New York

Vernon S. Broderick
United States District Judge